## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re                                           : | Chapter 7 |
| VIVIAN J. CLEMENTE                              : | CASE NO. 07-42648-JBR |
| DEBTOR_____ : | |
| DAVID M. NICKLESS, CHAPTER 7 TRUSTEE,   : | |
|     Plaintiff                                : | |
| v.                                              : | Adv. Pro. No 07-4160 |
| GERALD A. CLEMENTE, a/k/a GERALD A.      : | |
| CLEMENTE, JR. and MARTHA W. CLEMENTE    : | |
|     Defendants.                              : | |

### ORDER ON DEFENDANT MARTHA CLEMENTE'S MOTION TO AMEND JUDGMENT UNDER RULE 59(e)

This matter came before the Court on the Defendant Martha Clemente's Motion To Amend Judgment Under Rule 59(e) [#88]. Defendant Martha Clemente is seeking reconsideration and asking the Court to reverse its finding that she holds the Camden Avenue property (the "Property") in a resulting trust. For the reasons set forth herein, the Motion is DENIED.

**FACTS**

On August 12, 2009, following a one-day trial, the Court issued its Memorandum of Decision [#86] and Order [#87]. In the Memorandum of Decision, the Court concluded that the Debtor retained an equitable interest in property located at 9 Camden Avenue, Worcester, Massachusetts (the Property), which she had transferred for stated consideration of $100, to the

Defendant Martha Clemente, the Debtor's daughter-in-law.[1] The Court found that following the transfer, the Debtor continues to reside at the Property and pay "rent" in the amount of what had been her monthly mortgage payment[2] as well as the monthly cable bill and contributes to the household's monthly oil bill.

Whether the Defendant holds the Property in a resulting trust is a difficult and close question but after weighing the evidence the Court concluded that the Trustee had established the resulting trust by a preponderance of the evidence.

## DISCUSSION

A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023, the rule upon which the Defendant relies, or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280

---

[1]The transfer was outside of the statute of limitations under the Uniform Fraudulent Transfer Act. The UFTA does not preempt state common law remedies. M.G.L.c. 109A § 11. *See Fleet National Bank v. Valente (In re Valente)*, 360 F.3d 256 262 (1st Cir. 2004). Therefore the equitable remedy of an implied trust, whether constructive or resulting, is not barred.

[2]The Defendant refinanced the Property almost immediately after the Debtor transferred it to her.

2

(E.D.Pa. 1991).

The Defendant argues that the Court made numerous errors of law and fact in finding that she held the Property in a resulting trust. Chief among them are the following:

1. The Defendant argues that the imposition of a constructive or resulting trust requires a finding that she obtained title to the Property by "fraud, in violation of a fiduciary relationship, where confidential information was misused, or where there was 'significant wrongdoing' by the party claiming title." Although there are several Massachusetts cases reciting this language as the standard for applying *constructive or resulting* trusts, including *Sutton v. Valois*, 66 Mass. App. Ct. 258, 266 (2006), cited in the Defendant's motion, the standard specific to finding a resulting trust does not require a finding of fraud. Moreover the *Sutton* case involved an unmarried woman's unsuccessful attempt to claim a one-half interest in a house owned by the man with whom she had cohabitated. There was no question that the man bought the property entirely with his money and paid all of the expenses. The case is a rejection of an unmarried cohabitator's entitlement to "palimony" and is factually distinguishable as the defendant in *Sutton*, unlike the Defendant in this case, used his own assets to purchase the house.

2. The Defendant also argues that the Court relied on *Reilly v. Wheatley*, 68 F.2d 297, 299 (1st Cir. 1933), and distinguishes it on the basis that the debtor in that case collected rent from the transferred property while the Debtor here paid rent to the Defendant. The case, however, was cited by the Court because it acknowledges the adage that resulting trusts are imposed "where there is a conveyance without consideration, and from the surrounding facts and circumstances it is apparent that the grantor was still to retain his beneficial ownership...." There was no reliance on the facts or analysis of the case.

3

3. The Defendant also distinguishes *City of Springfield v. Lan Tamers (In re Lan Tamers)*, 281 B.R. 782, 792 (Bankr. D. Mass. 2002) on the grounds that *Lan Tamers* was a government regulation case. As with *Reilly v. Wheatley*, the case was cited in a "string" cite, consisting of only *Reilly v. Wheatley* and *Lan Tamers*, for general propositions about resulting trusts. There was no reliance on these cases beyond the general statements about resulting trusts, which generalizations the Defendant does not really dispute.

4. The Defendant attacks the Court's reliance on *Dwyer v. Dwyer*, 452 Mass. 1030 (2008), on the basis that the facts bear no resemblance to the facts in the instant case. This case, as with the others, was cited for general propositions, this time regarding the Trustee's burden of proof and implying intent from the parties' actions. It was also cited for the proposition that failure to file a tax return undermines the assertion that the transfer was a gift. She contradicts that argument by stating it was the Trustee's burden to show she had to file a gift tax return and that she has limited resources and therefore would fall under the $1,000,000 lifetime credit against gifts under 26 U.S.C .§ 2505(a)(1). This argument does not represent a change in the law nor was it previously advanced although she had the opportunity to do so prior to the issuance of the Court's decision.

5. The Defendant Martha also argues that the Court "cherry-picked" facts from *Fleet Nat'l Bank v. Valente (In re Valente)*, 360 F.3d 256 (1st Cir. 2006), a case with far more egregious facts that the instant one but cited for the proposition that a court may evaluate the lack of consideration in deciding to impose a resulting trust. The Defendant argues that the Court was required to consider all the relevant circumstances to determine whether the Debtor retained a beneficial interest, then incorrectly concludes that the citation to *Valente* indicates that the Court

4

only looked to lack of consideration. Lack of consideration was, however, only one of the factors which the Court concluded on balance demonstrated that the Property was held in a resulting trust.

6. She also attacks the Court's "reliance" on *In re Beatrice*, 277 B.R. 439 (Bankr. D. Mass. 2002), a case where there was a trust instrument. The case was cited because property in question was transferred for $100 to the children but the trust instrument gave the transferor control over the property. In the instant case the Court concluded that the Debtor retained sufficient control over the Property after the transfer to support a finding that a resulting trust existed. It was the existence of the control over the Property after the transfer which was central to the Court's decision, not whether a trust actually existed. Indeed the Court dispensed with the notion that either an express or constructive trust existed earlier in the Memorandum of Decision.

7. The Defendant argues that the Court did not have to believe the Debtor's and Martha's testimony that the Property was a gift to Martha but it is a mistake of fact to infer that it was not a gift. She cites *Nichols Assocs., Inc. V. Starr*, 4 Mass. App. Ct. 91, 93-94 (1976) for the proposition that the Court cannot draw an inference that the transfer was not a gift since the Trustee had the burden of proof. She is wrong. First the case she sites dealt with a defendant's motion to dismiss for lack of personal jurisdiction. The defendant filed an affidavit; the plaintiff did not. Moreover there was nothing in the complaint to indicate jurisdiction was proper in Massachusetts. What the court said in affirming the dismissal was :

> The authorities cited (with the one exception noted) lead us to the conclusion that we would be misplacing the burden of proof in this case if we were to draw any unnecessary inferences in favor of the plaintiff from the facts which are set out in the defendant's affidavit or which appear from the exhibits attached thereto. *Accord, Community Natl. Bank v. Dawes*, -- Mass. --, -- - --, 340 N.E.2d 877

5

(1976) (on a motion for summary judgment under Mass.R.Civ.P. 56, where opponent of motion 'did not expose the trial judge' to 'specific facts relating to the transaction in issue to bolster' his case, trial judge was correct in refusing to draw 'contradictory inferences' 'from the undisputed facts of the case' supplied by the moving party in its affidavit); *Shapiro Equipment Corp. v. Morris & Son, Construction Corp.*, -- Mass. --, --,341 N.E.2d 668 (1976) (same).

The above quoted language does not mean that a court must accept what it considers to be non-credible or self-serving testimony.

**CONCLUSION**

The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. Therefore the Motion is DENIED.

*/s/ Joel B. Rosenthal*

Dated: September 8, 2009

Joel B. Rosenthal
United States Bankruptcy Judge.